**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

**MARY K. KLISCHER,**

       **Plaintiff,**

  **v.**

                              **Civil Action No.  AW-06-2166**

**CARLOS M. GUTIERREZ,
SECRETARY, UNITED STATES
DEPARTMENT OF COMMERCE,**

       **Defendant.**

## MEMORANDUM OPINION

Plaintiff Mary K. Klischer ("Klischer" or "Plaintiff") brings this Title VII action against the Defendant Carlos M. Gutierrez, Secretary of the United States Department of Commerce ("Agency" or "Defendant") alleging employment discrimination on the basis of race and gender.  Currently before the Court is Defendant's Motion to Dismiss, or in the alternative, Motion for Summary Judgment (Paper No. 7).  The Court has reviewed the pleadings and applicable law and has determined that a hearing is unnecessary. *See* Local Rule 105.6 (D. Md. 2004).  For the following reasons, the Court will grant Defendant's Motion to Dismiss.

## FACTUAL & PROCEDURAL BACKGROUND

The following facts are taken in the light most favorable to Plaintiff, and, in large part, are taken directly from Plaintiff's Complaint.  Klischer has been employed by the Agency in the National Oceanic and Atmospheric Administration ever since January of 2002. Her job is classified as a ZT-0332, computer operator.  Plaintiff is a white female.  During the relevant time period, Plaintiff's first-line supervisor was Gary McCreary ("McCreary"), a black male.  Plaintiff's second-line manager was Reginald Lawrence ("Lawrence"), also a black male.  Klischer alleges that the

Agency engaged in conduct that discriminated against her on the basis of her race and gender.  More specifically, Plaintiff alleges that Gene Terry, a black male and Operations Crew Leader, created a hostile work environment and harassed her, came to work drunk, returned from unexplained absences drunk, falsely implied she was having an affair, and threatened to punish her for complaining about his drunkenness.  Further, Plaintiff alleges that McCreary and Lawrence failed to adequately investigate her complaints, failed to prevent Gene Terry from retaliating against her, and failed to prevent other African-American employees from retaliating against her.

Plaintiff reported to the Agency that Gene Terry and other African-American employees did not accurately report their working time.  The Agency failed to prevent Terry and the other African-American employees from retaliating against her for making the report.  In addition, Klischer alleges that she was denied overtime work to a greater degree than African-American employees, and the Agency failed to take preventive or corrective action.  African-American employees portrayed Klischer as a "trouble-maker" because she made her complaint, causing other employees and contractor employees to learn of this "reputation," which allegedly injured Plaintiff.  The Agency failed to correct those employees.  Klischer was also assigned to training and/or kept there longer than African-American employees in retaliation for making her complaints.  The Agency assigned Klischer to duties on the Help Desk on February 7, 2006, and kept her there until present.  Further, Klischer was denied the opportunity to compete for promotion and/or assignment because she made her complaints. The Agency allowed this discriminatory and retaliatory conduct and failed to adequately prevent or correct those employees' acts.  Klischer filed a complaint with the Agency concerning these discriminatory acts on October 12, 2004.  Having not received a decision on her complaint, Plaintiff filed the instant action in this Court on August 22, 2006.

2

## STANDARD OF REVIEW

A.  Motion to Dismiss

A court must deny a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief."  *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  In determining whether to dismiss a complaint pursuant to Rule 12(b)(6), this Court must view the well-pleaded material allegations in the light most favorable to the plaintiff and accept the factual allegations contained within the plaintiff's complaint as true.  *See Flood v. New Hanover County*, 125 F.3d 249, 251 (4th Cir. 1997) (citing *Estate Constr. Co. v. Miller & Smith Holding Co., Inc.*, 14 F.3d 213, 217-18 (4th Cir. 1994)); *Chisolm v. TranSouth Finan. Corp.*, 95 F.3d 331, 334 (4th Cir. 1996).  The Court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation."  *See Papasan v. Allain*, 478 U.S. 265, 286 (1986) (citing *Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir. 1981)); *Young v. City of Mount Ranier*, 238 F.3d 576, 577 (4th Cir. 2001) (the mere "presence . . . of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6)").  Nor is the Court "bound to accept [Plaintiffs'] conclusory allegations regarding the legal effect of the facts alleged."  *United Mine Workers of Am. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085-86 (4th Cir. 1994); *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

B.  Motion for Summary Judgment

Where matters outside the pleadings are considered by the Court, Defendant's motion to dismiss will be treated as one for summary judgment under Rule 56.  *See* FED. R. CIV. P. 12(c).  Under Rule 56, a party is entitled to summary judgment if it demonstrates that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *See*

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986).  On a motion for summary judgment, the moving party discharges its burden by showing an absence of evidence to support the non-moving party's case.  *Celotex*, 477 U.S. at 325.  When faced with a motion for summary judgment, the non-moving party is required "to go beyond the pleadings" and show the existence of a genuine issue for trial, by way of affadivits, deposition testimony, or answers to interrogatories.  *Id.* at 324; *see also Matsushita Elec. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  While the evidence of the non-movant is to be believed and all justifiable inferences drawn in his or her favor, a party cannot create a genuine dispute of material fact through mere speculations or compilation of inferences.  *See Deans v. CSX Transp., Inc.*, 152 F.3d 326, 330-31 (4th Cir. 1998); *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

## DISCUSSION

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race . . . [or] sex."  42 U.S.C. § 2000e-2(a).  A plaintiff can establish a *prima facie* case of discrimination by direct evidence or by circumstantial evidence.  *Lucas v. Dole*, 835 F.2d 532, 533 (4th Cir. 1987).  With respect to employment discrimination claims based on circumstantial evidence, the court applies the familiar *McDonnell Douglas* burden shifting analysis.  *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  Under the *McDonnell Douglas* test, once the plaintiff has established a *prima facie* case of discrimination, the burden shifts to the defendant to articulate a lawful, non-retaliatory reason for the adverse employment decision.  *See Williams v. Cerberonics, Inc.*, 871 F.2d 452, 457 (4th Cir. 1989) (applying the *McDonnell Douglas* test).  If the defendant comes forth with a

4

legitimate business reason, then the burden shifts back on the plaintiff to establish that the proffered explanation is pretextual. *Id.* In this case, Plaintiff has not identified any direct evidence of discriminatory intent, and thus the *McDonnell Douglas* framework applies.

### Disparate Treatment

To defeat Defendant's motion to dismiss and to establish a *prima facie* case of discrimination under the *McDonnell Douglas* framework, Plaintiff must show: (1) she is a member of a protected class; (2) she suffered an adverse employment action; (3) at the time of the adverse employment action, she was performing at a level that met the employer's legitimate job expectations; and (4) the adverse employment action occurred "under circumstances which give rise to an inference of unlawful discrimination." *See E.E.O.C. v. Sears Roebuck & Co.*, 243 F.3d 846, 851 (4th Cir. 2001). Here, Plaintiff alleges that Defendant, through its employees, subjected her to disparate treatment which led to retaliatory acts against her and a hostile work environment.

Taking the facts in the light most favorable to Plaintiff, Klischer has established that she is a member of a protected class and that she was performing at a level that met her employer's job expectations. However, Plaintiff has not shown that she suffered any adverse employment action nor that such circumstances give rise to an inference of illegal discrimination. Particularly, Plaintiff claims that she was improperly harassed by other employees after making complaints about a co-worker. She further claims that she was denied overtime hours. The critical issue in determining whether an employer is liable for the harassment of an employee by other employees is whether the employer's supervisory employees took prompt remedial action which was effectual and reasonably calculated to end the harassment. *Katz v. Dole*, 709 F.2d 251, 256 (4th Cir. 1983).

Plaintiff first made her complaint about Gene Terry's harassment in early October 2004.

5

Immediately following an argument between Terry and Plaintiff, Plaintiff's first line supervisor, McCreary, called a meeting with Plaintiff, Terry, and Alston, a co-worker present at the time of the argument. McCreary agreed to a remedy that a third party would always be present when Plaintiff and Terry were scheduled to work together. McCreary clearly took action within an appropriate and reasonable amount of time in order to address Plaintiff's complaints. He suggested a solution that he believed would end the harassment.

Unsatisfied with her supervisor's handling of the situation, Plaintiff filed a formal complaint with the EEOC on December 4, 2004 and subsequently amended it. On January 14, 2005, Defendant, through McCreary, began investigating Plaintiff's complaints. McCreary solicited and obtained voluntary statements from each of the COB staff members regarding the allegations of drunkenness and harassment. Terry was confronted concerning the allegation and was required to submit a written response to the allegations. McCreary ultimately found that no information was provided during the investigation that confirmed nor denied Plaintiff's allegations of Terry's drunkenness. He found that the evidence was insufficient to substantiate Plaintiff's claim, and as a result, the evidence suggests that no harassment occurred. McCreary's findings were sent to Lawrence, the Chief of the Information Processing Division, and the Deputy Director of the Office of Satellite Date Processing and Distribution for review. The findings were then forwarded to the Consulting Services Division, Workforce Management Office for review. McCreary's findings were affirmed at all levels.

Plaintiff's supervisors conducted a three month investigation. During the ongoing investigation, Plaintiff's supervisors prevented any ongoing interaction between Plaintiff and Terry by assigning Plaintiff to mandatory training at the Weather Building. Ultimately, the investigation

resulted in no information that substantiated Plaintiff's claims.   Therefore, Plaintiff has not sufficiently allege an adverse employment action with respect to her complaints about Terry.

Plaintiff's second claim of adverse employment action involves the denial of overtime hours. Plaintiff claims that she was unfairly taken off the overtime list so that overtime hours were wrongly offered to African American employees instead.   McCreary acknowledges the fact that he had Plaintiff taken off the overtime list since she did not meet the prerequisite.   Defendant's policy is to only offer overtime to those employees that have at least one day of work accumulated annual and sick leave for that pay period.   Plaintiff, along with Frances Brooks (African American female) were removed from the overtime list due to their insufficient balances.[1]   Plaintiff was placed back on the overtime list when her leave balance met the overtime requirement.   Therefore, Plaintiff has not shown an adverse employment action with respect to her overtime hours.

However, even if the Court assumes that Plaintiff has made out a *prima facie* case, Plaintiff's claims would certainly fail under the *McDonnell Douglas* test.   Defendant has articulated legitimate reasons for its handling of Plaintiff's complaints and for its initial denial of overtime hours to Plaintiff.   Plaintiff has offered no evidence that these explanations are pretextual.   As such, the Court must dismiss Plaintiff's disparate treatment claims.

***Hostile Work Environment***

Consistent with the language of 42 U.S.C. § 2000e-2(a), courts have held that Title VII protects a worker from discriminatory harassing conduct that is so severe and pervasive as to create an objectively hostile or abusive work environment.  *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742

---

[1]More accurately, Frances Brooks requested to be removed from the overtime list, but had she not done so, she would have been removed due to her insufficient leave balance.

(1998). "This occurs [w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Settle v. Baltimore Cty.*, 34 F. Supp. 2d 969, 993 (D. Md. 1999) (internal quotations omitted).  To prevail on such a claim, Plaintiff must prove: (1) that she was harassed because of her race, sex, or prior EEO activity; (2) that the harassment was unwelcomed; (3) that the harassment was sufficiently severe or pervasive to create an abusive working environment; and (4) that some basis exists for imputing liability on the employer.  *Id.*

Plaintiff complains that her African American co-workers retaliated against her because of her race and her discrimination complaints which resulted in a hostile work environment.  Plaintiff claims that they threw her food away, yelled at her, falsely implied that she was having an affair, threatened to punish her for complaining, and labeled her a "trouble-maker."  Even if the Court accepts Plaintiff's allegations as true, the type of harassment Plaintiff complains of is not sufficiently severe or pervasive to create an abusive working environment.  "Title VII is not a federal guarantee of refinement and sophistication in the workplace . . . ."  *Hartsell v. Duplex Prods., Inc.*, 123 F.3d 766, 772 (4th Cir. 1997).  Furthermore, "Title VII's protections do not insulate one from either the normal day-to-day dissatisfactions and annoyances commonly arising in any workplace or from the sometimes unpleasantness of a surly, strict or even personally insufferable and demanding supervisor."  *Settle*, 34 F. Supp. 2d at 991.  Plaintiff's allegations of petty name-calling and occasional arguments seem to fall within the type of workplace dislikes and annoyances that are not covered by the employment discrimination laws.  Plaintiff has simply not alleged facts that would establish a claim for hostile work environment.  Therefore, Plaintiff's claim cannot survive Defendant's motion to dismiss.

**Title VII:  Retaliation**

Klischer also claims that the incidents described above occurred because she was being retaliated against by Defendant's employees for complaining about the discriminatory behavior toward her.  To establish a prima facie case on a Title VII retaliation claim, a plaintiff must show: (1) she engaged in a protected activity; (2) her employer took adverse employment action against her; and (3) a sufficient causal connection existed between the first two elements.  *See Hopkins v. Baltimore Gas & Elec. Co.,* 77 F.3d 745, 754 (4th Cir.1996).

For purposes of Defendant's motion, the Court will assume that Plaintiff has established a *prima facie* case of retaliation since she engaged in the protected activity of making a formal complaint and since she alleges that Defendant, as a result of her complaint, required her to do extra training and denied her a promotion.  *See Page v. Bolger,* 645 F.2d 227, 233 (4th Cir.1981) (recognizing that an ultimate employment decision consists of actions such as hiring, granting leave, discharging, promoting, and compensating).  Under the *McDonnell Douglas* framerwork, the burden then shifts to Defendant to give legitimate, non-discriminatory reasons for its actions.

The record indicates that Plaintiff was sent to required training at the Weather Building.  Defendant's procedure provided that employees would remain in training until they were granted certification.  Plaintiff finished her training once she was certified.  Even if Plaintiff was, as she claims, kept at the Weather Building longer than any of her co-workers, she suffered no adverse employment action since she received no decrease in pay or benefits.  Also, Plaintiff has no produced no evidence to suggest that Defendants proffered reason, that Plaintiff was required to remain in training until certified, is merely a pretext for discrimination.

Finally, Plaintiff claims that she was denied a promotion in retaliation for her complaints.

The only evidence Plaintiff produces to show that she requested a promotion is one email inquiring about the status of a previously discussed promotion.  Plaintiff has produced nothing to suggest that she was entitled to a promotion.  Furthermore, Plaintiff has since received the promotion she has requested.  Because Plaintiff has not directed the Court to any authority that requires employers to promote their employees within a specified period of time, the issue is now moot.

Plaintiff's Complaint fails to make out a case for employment discrimination.  Further, in support of its alternative Motion for Summary Judgment, Defendant has put forth a well developed record that evidences the lack of any actionable discriminatory treatment of Plaintiff.  The law makes clear that when faced with a motion for summary judgment, Plaintiff must "go beyond the pleadings" to show the existence of a genuine issue for trial.  *Celotex*, 477 U.S. at 324.  Here, not only is Plaintiff's Complaint insufficient, but Plaintiff has failed to put forth any evidence that rebuts Defendant's evidence.  As such, the Court believes that further discovery in this case will be futile.  The record before the Court demands the dismissal of Plaintiff's Complaint and judgment in favor of Defendant as a matter of law.

## <u>CONCLUSION</u>

For the reasons stated above, the Court will GRANT Defendant's Motion to Dismiss, or in the alternative, Motion for Summary Judgment (Paper No. 7).  A separate Order consistent with this Memorandum Opinion will follow.

March 29, 2007                                                      /s/
Date                                          Alexander Williams, Jr.
                                              United States District Judge